# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBIO RONNIE TOWNSEND,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROBERT BONTA, COALINGA STATE HOSPITAL,<br><br>　　　　Respondents. | Case No.  1:23-cv-00562-SKO (PC)<br><br>ORDER DISMISSING WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br><br>[THIRTY-DAY DEADLINE] |

　　　　Petitioner is a state civil committee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner raises a number of claims sounding in habeas and civil rights.  Petitioner may not pursue multiple types of actions in one case.  Thus, Petitioner will be provided the form complaints for both types of actions, leave to file an amended petition/complaint on the form that correlates with the action he intends to pursue here, and information pertaining to each type of action.

## DISCUSSION

### I.　　Preliminary Screening of Petition

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

**II.     Habeas Petition Under 28 U.S.C. § 2254**

A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States district courts if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, n. 7, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In this case, Petitioner raises claims that appear to challenge his underlying conviction[1], but he also raises claims that appear to challenge his current civil commitment.[2] Both types of claims are cognizable in a federal habeas action; however, venue for those claims lies in two different district courts.

In habeas corpus cases, venue is proper: (1) in the district of confinement, or (2) in the district of "conviction and sentencing." 28 U.S.C. § 2241(d). Petitioner is currently confined in the Coalinga State Hospital located in Fresno County, California, which is within the Fresno Division of the Eastern District of California. Thus, venue for challenges to his current civil commitment are proper in this District Court. 28 U.S.C. § 84; 28 U.S.C. § 2241(d). However, Petitioner also raises claims concerning his underlying conviction for possession of explosive devices. That conviction was sustained in the Sacramento County Superior Court, and venue for challenges to his conviction lies in the Sacramento Division of the Eastern District of California.

Petitioner may not bring challenges to his underlying conviction and to his current civil commitment in this single action. He will be provided two sets of blank habeas forms. To the extent he wishes to pursue his challenge to his conviction, he must use a blank habeas form and file a new habeas petition in the Sacramento Division of the Eastern District of California. To the extent he wishes to pursue a challenge to his current civil commitment, he may do so in this action, by utilizing a habeas form and filing an amended petition in this action. He should entitle

---

[1] For example, within Ground One, Petitioner alleges counsel was ineffective during his conviction and sentencing. Within Ground Two, he claims he was coerced into pleading guilty.

[2] In Ground Three, Petitioner alleges his attorney was ineffective during a civil commitment proceeding. In Ground Four, Petitioner appears to challenge the civil commitment determination.

the petition as "First Amended Petition" and include the case number from this case on his form.

### III. Civil Rights Claims Under 42 U.S.C. § 1983

The Civil Rights Act provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff during his confinement. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

In this petition, Petitioner raises numerous claims concerning the conditions of his confinement. In Ground Two, Petitioner contends he is awakened out of his sleep each day to stand in the hallway to be counted; he claims that the food menu never changes; he contends men walk around and pass gas; he complains that mucus is stuck to and dried on the walls; and, he alleges that he cannot trade food or anything, lest he incur the wrath of staff. Such claims concern conditions of his confinement and must be brought in a civil rights complaint. To the extent Petitioner seeks to challenge the conditions of his confinement, he should file a civil rights complaint in this case and reference the instant case number. However, Petitioner is cautioned that there is a screening requirement as well as a filing fee in civil rights cases.

    A.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis* in subsequent civil actions. See 28 U.S.C. § 1915(g); Richey v. Dahne, 807 F.3d 1201, 1208 (9th Cir. 2015).

B. Filing Fees

The filing fee for civil actions is $400.00—$350 of which is required by 28 U.S.C. § 1914(a) and a $50 administrative fee per 28 U.S.C. § 1914, note 14. A party who cannot afford to pay that amount in a lump sum, may apply for *in forma pauperis* status under 28 U.S.C. § 1915. This section states:

> (b)(1) . . . if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
>   (A) the average monthly deposits to the prisoner's account; or
>   (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> (2) After the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Thus, *in forma pauperis* status does not waive the civil action filing fee for incarcerated plaintiffs; it instead allows an incarcerated plaintiff to make payments on the filing fee until it is paid in full. If Petitioner desires to proceed with a civil rights action and a motion for *in forma pauperis* is granted, monthly withdrawals will be made from his inmate trust account to make payments on his filing fees for the present action and any other civil actions of Petitioner's. Such withdrawals will continue until the filing fees in all of Petitioner's civil actions are paid in full, regardless of

whether the action remains pending or is dismissed.

## IV.     CONCLUSION

Because it is unclear which form of action Petitioner desires to pursue, the petition is dismissed with leave to file *either* a First Amended Petition *or* a Civil Rights Complaint in this case on the correlating form **within thirty (30) days** from the date of service of this order. If Petitioner no longer desires to pursue this action, he shall file a notice of voluntary dismissal **within the thirty (30) day deadline.** If he seeks to challenge his underlying conviction, he must file a new habeas petition using the corresponding form in the Sacramento Division of the Eastern District of California.

## V.     ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The petition is DISMISSED with leave to amend;
2. The Clerk's Office shall send Petitioner one (1) civil rights complaint form as well as two (2) habeas corpus petition forms;
3. **Within thirty (30) days** from the date of service of this order, Petitioner must file:
   a. a Complaint under 24 U.S.C. § 1983; or
   b. a First Amended Petition; or
   c. a Notice of Voluntary Dismissal; and
4. **If Petitioner fails to comply with this order, this action will be processed under 28 U.S.C. § 2254 and dismissed.**

IT IS SO ORDERED.

Dated:   **April 12, 2023**                         /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE